UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN ALEXANDER DODD,

     Plaintiff,

v.                                                            Case No.  8:12-cv-1536-T-33TBM

THOMAS DODD and
MARY ANNE FORD,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's Second **Application to Proceed in District Court Without Prepaying Fees or Costs** (Doc. 12) and **Affidavit of Indigency** (Doc. 13), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  Plaintiff's financial affidavits suggest that he is on Social Security disability and is indigent.  (Docs. 12, 13).

However, in addition to indigency, the Court must also determine whether Plaintiff's Amended Complaint (Doc. 9) is frivolous or fails to state a claim, and therefore is subject to

dismissal. *See* 28 U.S.C. § 1915(e)(2); *see, e.g., Moreland v. Wharton*, 899 F.2d 1168, 1169-70 (11th Cir. 1990). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Specifically, the court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight." *Moreland*, 899 F.2d at 1170.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.* However, the court should construe pro se pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, pro se litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff brings this suit against his mother, Mary Ann Ford, and his father, Thomas Dodd, who are divorced. Plaintiff alleges that when he was a child, Defendant Ford made him sign a false contract imprisoning himself in Straight, Incorporated, a "boot camp."[1] At the camp, he was sexually assaulted, abused and exploited, tortured, brainwashed and forced to commit criminal acts. He was subjected to such treatment for a period of four to six years. Plaintiff alleges that during this period of time, both Defendants Ford and Dodd were aware of the alleged events. In addition, in 2012, Defendant Ford mailed Dodd two hate letters, admitting that she placed Dodd in the boot camp as a child and that she was responsible for the crimes. Upon receiving the letters, Plaintiff Dodd had nightmares and flashbacks to the sexual abuse that he suffered at the boot camp. *See generally* (Doc. 9). His six-count Amended Complaint alleges Mary Ann Ford violated 18 U.S.C. §§ 2242, 2251, 2422 and inflicted intentional emotional distress (two counts). As to Thomas Dodd, Plaintiff alleges that he committed negligent infliction of emotional distress.[2] On May 23, 2013, Plaintiff filed

---

[1] In addition, Plaintiff has previously filed cases before this Court that reflect allegations similar to those in the present Amended Complaint. In particular, case numbers 8:10-cv-21-T-23TGW, 8:10-cv-654-T-26TBM and 8:10-cv-1092-T-23TGW. All the cases were dismissed with prejudice.

[2] The counts asserting violations of federal criminal statutes allege, in the first count, that Plaintiff was raped and sodomized by a staff employee of Straight and that Ford, who knew about this, caused him to engage in sexual acts contrary to 18 U.S.C. § 2242; in the second count, that Ford, as his custodial parent, had him assist another person to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct contrary to section 2251; and by the third count, that Ford coerced and induced him to travel to engage in unlawful sexual activity while falsely imprisoned at a boot camp in violation of section 2422. 18 U.S.C. § 2255 provides for a civil remedy for personal injuries for violations of these statutes. The remaining counts for intentional and negligent infliction of emotional distress are brought pursuant to state law.

a voluntary dismissal of claim against Defendant Thomas Dodd.  (Doc. 16).  However, on July 8, 2013, Plaintiff filed a Motion to Strike the Notice of Voluntary Dismissal.  (Doc. 28).[3]

Even under a generous reading of the Amended Complaint, Plaintiff fails to properly allege violations under the asserted federal statutes.  First, Plaintiff's allegations do not allege a violation of 18 U.S.C. § 2242, which makes it a crime for one in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency to cause another person to engage in a sexual act by threatening or placing that person in fear, or to engage in a sexual act with another person if that other person is incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.  Plaintiff alleges that Straight, Incorporated "was managed and run in part on direct contracted sponsorship and agreements held by the heads of federal offices and agencies."  (Doc. 9 at ¶ 15).  Even assuming that allegation provides a federal link to his civil claim, the statute is directed against individuals and assaults *in* the facility.  18 U.S.C. § 2242.  Mary Ford, who is not alleged to have been *in* the facility, is not accused of committing the crimes, but instead is alleged to have caused him to engage in sexual acts by placing him in a constant state of fear and having him threatened that he should participate in the sexual acts.

---

[3]This Court previously dismissed the Complaint (Doc. 1) with leave to re-file.  *See* (Doc. 8).  An Amended Complaint (Doc. 9) was filed, along with Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 12) and Affidavit of Indigency (Doc. 13).  On February 13, 2013, the case was stayed upon notice from Plaintiff that he intended to intervene in *Dodd v. Matthews*, 8:12-cv-2054-T-33TGW, rather than proceed with the instant action.  (Doc. 15).  The stay was lifted and the case was reopened on June 17, 2013.  (Doc. 19).  Plaintiff's second construed motion for leave to proceed *in forma pauperis* (Docs. 12, 13) is now ripe for review.

(Doc. 9 at ¶ 45). By a plain reading of the statute, section 2242 does not reach such alleged conduct and I have found no authority to support such a theory. Thus, I conclude that Plaintiff does not and cannot state a plausible cause of action on such theory for a violation under 18 U.S.C. § 2242.

As for the alleged violation of 18 U.S.C. § 2251, that section is directed against the sexual exploitation of children, making it a crime to employ, use, persuade, induce, entice or coerce a minor to engage in, or to have a minor assist another to engage in sexually explicit conduct for purposes of producing a visual depiction. The statute requires an interstate commerce nexus. 18 U.S.C. § 2251; *see also United States v. Smith,* 459 F.3d 1276, 1289 (11th Cir. 2006) ("The most natural reading of [18 U.S.C. § 2251] is that jurisdiction extends to child pornography (1) produced with the intent that it eventually travel in interstate commerce; (2) produced with materials that have traveled in interstate commerce; or (3) that has traveled in interstate commerce."). Here, Plaintiff alleges that Defendant Ford knowingly permitted him to engage in or assist others to engage in sexually explicit conduct for the purpose of producing visual depiction of such conduct, but fails to allege that the visual depictions were transmitted or transported in interstate commerce. As such, Plaintiff has failed to properly state a violation under 18 U.S.C. § 2251.

Plaintiff's third cause of action alleges violation of 18 U.S.C. § 2422, which prohibits persuasion, inducement, enticement or coercion of any individual to travel in interstate or foreign commerce to engage in prostitution or other illegal sexual activity. Here, Plaintiff merely alleges that Defendant Ford coerced and enticed him "to travel to engage in unlawful sexual activity while falsely imprisoned in the boot camp." (Doc. 9 at ¶ 55.)

Otherwise, throughout the Amended Complaint, Plaintiff essentially alleges that the wrongful conduct occurred on the site of Straight, Inc. Thus, on its face, the Amended Complaint fails to allege the requisite interstate commerce link essential to this violation. *See* 18 U.S.C. § 2422; *see also United States v. Townsend*, No. 11-12913, 2013 WL 2477075, at *2 (11th Cir. June 10, 2013) (discussing the statute's requirement to travel in interstate commerce). As such, Plaintiff fails to properly assert the third cause of action.

Since Plaintiff has failed to properly plead violations of the aforementioned federal statutes, the Court lacks federal question jurisdiction as to Defendant Ford. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The remaining three counts purport to allege state law violations. As for Defendant Ford, Plaintiff makes two claims for intentional infliction of emotional distress, and as for Thomas Dodd, Plaintiff alleges negligent infliction of emotional distress. This Court lacks jurisdiction over these claims in the absence of complete diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[28 U.S.C. §1332 has] consistently been held to require complete diversity of citizenship."). Thus, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id*. The Court lacks diversity jurisdiction "when any plaintiff is a citizen of the same State as any defendant." *Id*. at 374. Here, Plaintiff states that he and Defendant Ford are residents of Florida, while Defendant Dodd resides in Texas. (Doc. 9 at ¶¶ 1-3). Accordingly, the Court is without complete diversity jurisdiction over the last three claims since Plaintiff and Defendant Ford share citizenship in the same state. Thus, all five causes of action as to Defendant Ford, including the claims for intentional infliction of

6

emotional distress, and the claim for negligent infliction of emotional distress as to Defendant Dodd, should be dismissed.[4]

Accordingly, Plaintiff's Amended Complaint fails to state federal claims, fails to provide diversity jurisdiction over the state claims, and may also raise statute of limitation concerns. For these reasons, I recommend that the Court **DENY** Plaintiff's second construed

---

[4] Finally, it also appears that the claims are likely barred by the applicable statutes of limitations. From the face of the Amended Complaint, is unclear when the alleged events occurred, and thus, whether or not the statute of limitations has run on these claims. However, in his amended complaint in *Dodd v. United States of America*, case number 8:10-cv-21-T-23TGW, Plaintiff alleges that from January 1984 up until 1989, and approximately two years afterwards, he was exploited by Straight, Incorporated. (8:10-cv-21-T-23TGW, Doc. 9 at ¶ 2). In his complaint in *Dodd v. Drug Free America Foundation, Inc.*, case number 8:10-cv-654-T-26TBM, Plaintiff alleges that from 1984 to 1990, he was detained at Straight, Incorporated. (8:10-cv-654-T-26TBM, Doc. 1 at ¶ 89). "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915" as frivolous. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1997)); *see* Hughes, 350 F.3d at 1163 (11th Cir. 2003) (holding that to dismiss a claim as time-barred, it must appear beyond a doubt from the complaint itself that the plaintiff can prove no set of facts which would avoid a statute of limitations bar).
   While I do not presently recommend dismissal on this ground, it does appear from his previous filings in other cases that these events occurred well past both the statute of limitations on both the federal and state claims. Under his federal claims, 18 U.S.C. § 2255(b) has a ten-year statute of limitations. Prior to the 2013 amendment to the statute, the statute of limitations was six years. Without delving into which statute of limitations is applicable in the present case, both appear to bar Plaintiff's federal claims for events that occurred in the 1980s. To the extent that Plaintiff seeks to allege disability in 2009 and 2010 in order to trigger tolling, the latter half of 18 U.S.C. § 2255(b) does not appear applicable since its purpose is to toll the statute of limitations while an individual has a disability when the right of action first accrues. *See* 54 C.J.S. *Limitations of Actions* § 155 (2013) (explaining the purpose of the disability provision in statute of limitations). Plaintiff has not alleged a disability at the time that his right of action first accrued. As for the state claims, pursuant to Florida Statute § 95.11(3), actions founded on negligence and on intentional torts must be commenced within four years. FLA. STAT. § 95.11(3)(a), (o).

7

motion to proceed *in forma pauperis* (Docs. 12, 13) and **DISMISS** the Amended Complaint (Doc. 9).

                                              Respectfully submitted on this
                                              24th day of July 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
*Pro se* Plaintiff